# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ADELE JETER-WHEATON, )<br>)<br>Appellant, )<br>vs. )<br>)<br>EZPAWN NEVADA, INC. d/b/a EZMoney )<br>Loans, DHAZI DAKIK, and US FINANCIAL )<br>SERVICES, )<br>)<br>Appellee. )<br>) | Case No.: 2:15-cv-00913-GMN<br><br>**ORDER** |

Pending before the Court is Motion to Remand to the Bankruptcy Appellate Panel (BAP), (ECF No. 5) filed by pro se Appellant Adele Jeter-Wheaton ("Jeter-Wheaton"), Opposition to Motion to Remand, (ECF No. 6) filed by Appellee EZPawn Nevada ("EZPawn"), and Jeter-Wheaton's Reply to Appellee's Opposition to Remand (ECF No. 18).

## I. BACKGROUND

This case arises as an appeal from the chapter 13 bankruptcy proceedings of Debtor Jeter-Wheaton. The United States Bankruptcy Court for the District of Nevada issued an order on April 27, 2015 denying Jeter-Wheaton's Motion for Damages and Sanctions for Creditor Misconduct and Willful Violation of the Automatic Stay. (Not. of Appeal at 5–6, ECF No. 1). Jeter-Wheaton filed a Notice of Appeal to the Bankruptcy Appellate Panel ("BAP") of the Ninth Circuit on May 11, 2015. (*Id.* at 1–3). EZPawn then filed a Statement of Election to Have Appeal Heard by District Court instead of BAP pursuant to 28 U.S.C. § 158(c)(1)(B) on May 13, 2015. (*Id.* at 11–12).

## II. LEGAL STANDARD

Appeals of bankruptcy proceedings are governed by 28 U.S.C. 158, which in pertinent part states: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." 28 U.S.C. 158(a)(1).  An order is considered final "if it contains a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter." *In re Cahn*, 188 B.R. 627, 629 (B.A.P. 9th Cir. 1995) (internal quotation marks omitted).  While the appeal may be heard by a bankruptcy appellate panel consisting of three judges, the district court instead hears the appeal if "the appellant elects at the time of filing the appeal; or any other party elects, not later than 30 days after service of notice of the appeal." 28 U.S.C. 158(c)(1).

## III. DISCUSSION

The Court has jurisdiction over the appeal of the Bankruptcy Court's ruling because it is final order after full briefing, a hearing, and a written decision of denial.  While Jeter-Wheaton originally requested that the appeal be heard by the BAP, "any other party" may elect for the district court to hear the appeal.  Here, EZPawn so elected within the required 30 days.  Accordingly, the Court denies Jeter-Wheaton's request to have the appeal heard by the BAP.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand to the BAP (ECF No. 5) is **DENIED**.

**DATED** this __23__ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge