UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Adele Jeter-Wheaton, | ) | Case No.: 2:15-cv-0913-GMN |
| Appellant, | ) | **MEMORANDUM & OPINION** |
| vs. | ) | |
| EZPawn Nevada, Inc., | ) | Appeal from the United States Bankruptcy Court for the District of Nevada |
| Appellee. | ) | Bk No.: 15-S-10806-LED |

Pending before the Court is the bankruptcy appeal of *Adele Jeter-Wheaton v. EZPawn Nevada, Inc.*, Case No. 2:15-cv-0913. *Pro se* Appellant Adele Jeter-Wheaton ("Appellant") filed an opening brief. (ECF No. 21). Appellee EZPawn Nevada, Inc. ("EZPawn") filed an answering brief, (ECF No. 24), to which Appellant replied, (ECF No. 30). For the reasons stated herein, the Court will affirm the underlying decision of the United States Bankruptcy Court for the District of Nevada.

I.   **BACKGROUND**

The instant appeal centers upon Appellant's claim that EZPawn willfully violated an automatic bankruptcy stay when it took possession of Appellant's car for several hours on March 17, 2015.[1]

Appellant has a long and litigious history in the bankruptcy court, having filed four bankruptcy petitions in the last eight years. *In re Jeter-Wheaton*, BKS-08-18708-BAM; (Bankr. D. Nev. Aug. 4, 2008); *In re Jeter-Wheaton*, BKS-09-11112-BAM (Bankr. D. Nev. Jan. 28,

---

[1] In light of Appellant's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2009); *In re Jeter-Wheaton*, BKS-12-20889-LED (Bankr. D. Nev. Sep. 24, 2012); *In re Jeter-Wheaton*, BKS-15-10806-LED (Bankr. D. Nev. Feb. 20, 2015).

Appellant claims that she filed the instant bankruptcy case in order to prevent EZPawn from repossessing her car, a 2007 PT Cruiser. (Transcript of April 21, 2015 Hearing 5:6-9, Appellee's Excerpts of Record p. 252, ECF No. 26-5). On January 15, 2015, Appellant executed an agreement with EZPawn (the "Title Loan") in which Appellant was loaned the amount of $2,050, to be repaid on February 13, 2015, at an annual interest rate of 182.5%. (Title Loan Agreement p. 1, Appellee's Excerpts of Record p. 92, ECF No. 25-5). The Title Loan was secured by Appellant's 2007 PT Cruiser. (*Id.*). Appellant failed to pay the amount owed pursuant to the Title Loan by the due date, and filed the instant Chapter 13 Bankruptcy Petition on February 20, 2015. On that same date, Appellant claims that she informed one of EZPawn's store managers, by telephone, that she had filed for bankruptcy. (Appellant's Br. p. 8).

On February 27, 2015, EZPawn claims that its parent company performed a search through Public Access to Court Electronic Records ("PACER") to verify that Appellant had filed a bankruptcy petition. (Rogers Decl. ¶ 6, Appellee's Excerpts of Record p. 148, ECF No. 25-7). According to EZPawn, the PACER system showed that Appellant's only active bankruptcy proceeding was opened on September 24, 2012. (*Id.*). Because that proceeding predated the execution of the Title Loan, EZPawn assumed that the Title Loan was not subject to an automatic bankruptcy stay, and proceeded to repossess Appellee's PT Cruiser on March 17, 2015. (Rogers Decl. ¶ 7). Several hours later on that same day, Appellant contacted EZPawn and provided information about the instant case. (*Id.*). Upon verifying that an automatic bankruptcy stay was in place, EZPawn immediately released the PT Cruiser back into Appellant's possession. (*Id.*).

On April 2, 2015, Appellant filed a motion for sanctions, in which she argued that

1 EZPawn had willfully violated the automatic stay in the instant case by repossessing the PT
2 Cruiser on March 17, 2015.  After a hearing on the motion, the bankruptcy court found that
3 Appellant had failed to demonstrate that EZPawn received adequate notice of the bankruptcy
4 petition, and therefore declined to find that EZPawn's violation of the automatic stay was
5 willful. *See* (Transcript of April 21, 2015 Hearing 16:20-24, Appellee's Excerpts of Record p.
6 263, ECF No. 26-5).  However, the bankruptcy court ordered that EZPawn reimburse Appellant
7 in the amount of $150 for expenses that were incurred as a result of the repossession. (*Id.*
8 16:18-20).

9 In the instant appeal, Appellant argues that the bankruptcy court erred by declining to
10 find that EZPawn willfully violated the bankruptcy stay.

**II.     JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 and 1334.  Though the question has not been addressed by the Ninth Circuit, other circuits have held that the denial of a motion for sanctions based on an alleged violation of a bankruptcy stay is a final, appealable decision. *See Commodore Holdings, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003); *Matter of Wade*, 991 F.2d 402, 406 (7th Cir. 1993).  Accordingly, the Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges.").

**III.    STANDARD OF REVIEW**

On appeal, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *E.g.*, *Cesar v. Charter Adjustments Corp.*, 519 B.R. 792, 795 (E.D. Cal. 2014).  "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due

regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir. 1985).

A bankruptcy court's finding as to whether an automatic stay has been violated is a question of law to be reviewed de novo. *In re Del Mission Ltd.*, 98 F.3d 1147, 1150 (9th Cir. 1996). However, a bankruptcy court's determination as to whether a violation of an automatic stay was willful must be reviewed for clear error. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002).

## IV. DISCUSSION

11 U.S.C. § 362(k) provides for sanctions when a party has willfully violated an automatic bankruptcy stay. In order to demonstrate that a violation of an automatic stay was willful, a party must show that (1) the violator knew of the automatic stay and (2) the actions which violated the stay were intentional. *Leetien*, 309 F.3d at 1215.

In this case, the bankruptcy court did not clearly err in finding that EZPawn lacked knowledge of the automatic stay when it repossessed Appellant's PT Cruiser. The evidence in the record demonstrates that, while Appellant did attempt to inform EZPawn of the instant case via a telephone call on February 20, 2015, discrepancies within the PACER system may have reasonably led EZPawn to believe that Appellant's bankruptcy preceded the execution of the Title Loan. There is also no evidence in the record to suggest that EZPawn received any additional notice regarding Appellant's bankruptcy petition prior to its repossession of the PT Cruiser. Furthermore, EZPawn immediately released the vehicle back to Appellant on the same day that it was repossessed after being told about the instant case. Accordingly, the underlying findings of the bankruptcy court were not clearly erroneous, and the bankruptcy court's denial of Appellant's Motion for Sanctions will be affirmed.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the April 27, 2015, Order of the United States

Bankruptcy Court for the District of Nevada is **AFFIRMED**.

//

  **IT IS FURTHER ORDERED** that Appellant's pending Motions, (ECF Nos. 31, 34, 35, 38), are **DENIED AS MOOT**.  The Clerk is instructed to close the case.

  **DATED** this   25  day of March, 2016.

            _____
            Gloria M. Navarro, Chief Judge
            United States District Court